[No. 14235. Department One. December 13, 1917.]

THE STATE OF WASHINGTON, *Appellant*, v. W. L. SNELL, *Respondent*.[1]

INTOXICATING LIQUORS—REGULATIONS—DRUGGISTS—PLACE OF STORAGE. The fact that a druggist stored five quarts of whiskey in his home does not show an intent to dispose of it unlawfully, as the law does not require that druggist's stocks of liquor be stored in any particular building.

SAME—SEIZURES—RIGHT TO POSSESSION. Where a druggist had acquired the possession of liquor legally and made it part of the stock of his drug store and subsequently lost the drug store because of default in the payments on the purchase price, he had a right to the possession of the whiskey, notwithstanding the loss of his right to retail it on medical prescriptions.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered January 4, 1917, upon

[1]Reported in 169 Pac. 320.

findings in favor of the defendant, ordering the return of intoxicating liquors seized, after a hearing before the court. Affirmed.

*W. H. Tucker, J. E. Stewart,* and *O. M. Nelson,* for appellant.

FULLERTON, J.—The respondent, a registered pharmacist engaged in the business of conducting a drug store in Cosmopolis, Washington, was prosecuted and convicted before a justice of the peace on the charge of illegally selling intoxicating liquors. On appeal to the superior court, the judgment of conviction was reversed and the complaint was dismissed. At the time of filing the complaint before the justice, a search warrant was issued and all the liquor in respondent's drug store, consisting entirely of whiskey in bottles and jugs, was seized thereunder, together with four or five quarts of whiskey which he had at his home. When the case was called for trial before the justice, respondent filed a demand for the return of the liquor, and at the hearing on appeal, the claim or demand was renewed in the superior court. Subsequent to the dismissal of the complaint against respondent, a hearing was had upon his claim for the return of his whiskey. At the time of the hearing on this demand, the respondent had ceased to be the proprietor of a drug store, he having been divested of title to the store as the result of failure to meet installment payments due the former owner from whom he had purchased the business. The evidence showed that the liquor had been acquired under legal permits for sale on prescription in due course of the druggist's trade, and that there was no conviction against respondent for illegal sales. There was evidence that the respondent had about five quarts of the whiskey bought for the store deposited in his own home, and that among the liquors ordered for the store had been a barrel of bottled beer, all of which had been used by the respondent, with the exception of some twenty-five bottles which had been abstracted from the barrel prior

to its receipt by him. The superior court gave judgment ordering the return of the whiskey to respondent. The state appeals.

Section 7 (Rem. Code, § 6262-7) of the initiative measure, passed by the people for the regulation of the sale of intoxicating liquors (Laws 1915, p. 2; Rem. Code, §§ 6262-1 *et seq.*), authorizes registered pharmacists or druggists to sell intoxicating liquors for medicinal purposes upon the prescription of a licensed physician. Section 17 (Id., § 6262-17) provides for the issuance by a county auditor, to such registered druggist or pharmacist actually engaged in business within the state, of permits for the shipment of such liquors to the druggist for use for purposes permitted under the law. Section 22 provides:

"It shall be unlawful for any person to have in his possession more than one-half gallon or two quarts of intoxicating liquor other than beer, or more than twelve quarts or twenty-four pints of beer: Provided, however, that this section shall not apply to registered pharmacists or to persons keeping alcohol, to be used for mechanical or chemical purposes only." Rem. Code, § 6262-22.

Section 11 (Id., § 6262-11) provides for the seizure of intoxicating liquors kept in violation of the act. Section 12, governing hearing in seizures of such liquors, provides:

"At such hearing, any person claiming any interest in any of the articles seized may appear and be heard upon filing a written claim setting forth particularly the extent and character of his interest, but upon such hearing the sworn complaint or affidavit upon which the search warrant was issued and the possession of such intoxicating liquor shall constitute *prima facie* evidence of the contraband character of the liquor and articles seized, and the burden shall rest upon the claimant to show, by competent evidence, his property, right or interest in the articles claimed and that the same were not used in the violation of any of the provisions of this act, and were not in any manner kept or possessed with the intention of violating any of the provisions of this act. If, upon such hearing, the evidence warrants, or if no person

shall appear as claimant, the judge or justice of the peace shall thereupon enter a judgment of forfeiture, and order such articles destroyed forthwith." Rem. Code, § 6262-12.

The first contention of the state is that the whiskey seized is shown to have been held by the respondent for an illegal purpose, this because the evidence shows that, notwithstanding its acquisition under legal permits for purposes of lawful sale in the drug business, the respondent had stored some five quarts of the whiskey in his home, and that he had imported a barrel of bottled beer, which had been used by himself instead of being disposed of by lawful sales under a physician's prescription. We think the question of the disposition made of a quantity of beer, which was no longer in existence, was irrelevant upon an inquiry as to the right of seizure of the whiskey, which was the only issue before the court. But aside from this, the evidence showed that the beer had been acquired on the suggestion of a physician that he intended to prescribe it for a patient, but that the beer had been delayed so long in arrival that the necessity of prescribing it for the patient had passed, and there being no other demand for it, the respondent had drunk it himself. Whether the consumption by the druggist of the beer legally acquired for sale in his business under prescription of physicians was or was not a violation of our regulative liquor law it is not necessary here to decide. A somewhat different question is presented as to the right of respondent to keep about five quarts of whiskey in his home. There was no other showing as to this whiskey than that it was kept there for purpose of storage rather than for domestic consumption. The law regulating sales by druggists does not prescribe that lawful stocks of liquor shall be stored in the salesroom itself, nor in any particular building. We think this fact, standing alone, was not sufficient to show that whiskey lawfully acquired was held with an intent to unlawfully dispose of it.

The second contention of the state is that respondent had no legal right to reclaim the whiskey seized, for the reason

that, at the time of the hearing, he was no longer engaged in the drug business and would have no right to dispose of it under the law. In support of this position it cites *State v. Martin*, 92 Wash. 366, 159 Pac. 88, wherein we held that an individual who had stored his saloon stock of liquors, in contravention of § 28 of the initiative measure requiring the disposal of all stocks of liquor on the taking effect of the law, could not legalize his possession by a showing of an intent to embark in the drug business and devote the liquor to sale as a druggist. But the facts in the *Martin* case showed that the liquor was being held with an intent to devote it to sale, while the law expressly provided that no liquor should be offered for sale unless it had been procured under public permit for that purpose. This made the possession of Martin plainly in contravention of the law. In the present case, the respondent had legally acquired possession by means of permits issued to him as a druggist, and the liquor was a part of the stock of the drug store which the seller had taken back because of respondent's inability to meet the monthly installments due on the purchase price.

The statute imposes the burden of proof on the claimant of liquor seized as contraband to show his property right or interest in the goods and that they were not used in violation of the act nor kept with intention so to do. It seems to us that respondent has successfully sustained the burden. He showed a rightful possession and no illegal use of the whiskey charged as contraband. If the whiskey was part of the stock of the drug store which had been taken back because of his failure to meet payments due on the purchase of the store, he had a property interest in the whiskey to the extent that it could be applied as a credit on his indebtedness to the repossessing owner. Such a disposition of the whiskey would in no wise contravene the provisions of the act, since the whiskey had been lawfully acquired for the use of that store, the permits issued designating it as the place of sale for the shipment applied for. It thus appears the whiskey had been obtained

in full compliance with the law and was not being illegally sold or given away. The facts of this case plainly differentiate it from the *Martin* case, inasmuch as in the one case the possession was legal and in the other it was illegal. Under the circumstances of this case, respondent's right to the return of the whiskey seized from him without sanction of law ought not to be forfeited by reason of his subsequent loss of his right to retail it on medical prescriptions. He had a property right acquired in full compliance with the laws of the state. In the absence of direct inhibition in the statute against transferring the whiskey in bulk to his successor, or against his retention of it for personal consumption, we are of opinion that respondent is entitled to its return as a legal right. His right of possession has not been forfeited by any proof of, or conviction for, its illegal use.

The third contention of the state is that the findings of the trial court do not support its conclusions of law and the judgment thereon. The court found as facts and conclusions:

"That the liquor in controversy was a part of the stock of goods belonging to the drug store of which the said defendant was proprietor at Cosmopolis, Washington; that they were legally brought into the state; that they were legally in the possession of said defendant; that they were not being held for illegal sale.

"From the foregoing facts the court concludes as matters of law that the defendant is legally entitled to the immediate possession of said liquors."

What has been said by us above in discussing the other contentions of the state is sufficient to dispose of this final objection advanced. We are satisfied that the evidence supports the findings and that the conclusion of law drawn therefrom was proper. The state asserts that the portion of the findings to the effect that the liquor was legally brought into the state and was legally in the possession of defendant amounted merely to conclusions of law. While in a sense that may be true, the proof showed the bringing in of the liquor under legal permits and the absence of acts converting the

possession into an illegal one, and that is the purport of the findings.

We find no error on the part of the trial court, and its judgment is affirmed.

Parker, Main, and Webster, JJ., concur.